**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATRICK METRO,
Plaintiff-Appellee,

v.

No. 00-1008

UNIVERSITY OF VIRGINIA HOST
PROPERTIES, INCORPORATED,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CA-98-94-3)

Submitted: September 21, 2000

Decided: September 29, 2000

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Forest A. Nester, BRIZENDINE, BERGEN & TRIPODA, Fairfax,
Virginia, for Appellant. Matthew B. Murray, RICHMOND & FISH-
BURNE, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

University of Virginia Host Properties, Incorporated (Host Properties), appeals from a jury award of $772,000 to Dr. Patrick Metro on his personal injury action. Metro was injured when he fell into a covered swimming pool while attending an American Dental Association (ADA) banquet at Host Properties' facility, the Boar's Head Inn. Host Properties claims that the district court erred when it admitted out-of-court statements made by its Assistant Food and Drink Director, Jim Burke, to the Executive Chef/Food and Beverage Director, Kenneth Harnad. Immediately after the events that caused Metro's injury, Burke told Harnad that the ADA meeting planners moved some of the chairs that were surrounding the pool because the barrier was aesthetically unpleasing.

Host Properties contends that the district court abused its discretion by allowing this statement into evidence because it constituted second level hearsay. We have reviewed the record and agree that Host Properties failed to preserve its Fed. R. Evid. 805 objection because it merely objected to the fact that Dr. Metro did not lay a proper foundation to establish the admissibility of Burke's statement based on his actions taken within the scope of his responsibilities to oversee the banquet. See Fed. R. Evid. 103(a), 801 (d)(1)(D). Moreover, there was no plain error in admitting the second hearsay--the ADA meeting planners' objection to the decor--because the statement was not offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c). We further find that any error did not affect Host Properties' substantial rights. See Fed. R. Evid. 103(d).

Accordingly, we affirm the district court's final order entering judgment in favor of Dr. Metro. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2